J-S87005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD STEVEN WELCH, | |
| Appellant | No. 926 MDA 2016 |

Appeal from the Judgment of Sentence May 11, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000328-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD STEVEN WELCH, | |
| Appellant | No. 967 MDA 2016 |

Appeal from the Judgment of Sentence May 11, 2016
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000607-2014

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:         **FILED JANUARY 26, 2017**

In these consolidated cases, Appellant, Chad Steven Welch, appeals

from the judgment of sentence imposed on May 11, 2016, following the

---

[*] Retired Senior Judge assigned to the Superior Court.

revocation of his probation and parole. Appellant's counsel has filed a brief and a petition to withdraw under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous. We affirm the judgment of sentence and grant counsel's request to withdraw.

We take the underlying facts and procedural history in this matter from the trial court's August 3, 2016 opinion.

> On April 1, 2014, [Appellant] plead[ed] guilty to one count of [t]heft by [u]nlawful [t]aking.[a] The same day, [Appellant] was sentenced to [thirty-six] months of [i]ntermediate [p]unishment (IP). [Appellant] served the first [four] months of his sentence in the Franklin County Jail, the next [three] months under house arrest, and the remainder of the sentence was to be served under [the] supervision of the Franklin County Probation Department. On February 2, 2015, [Appellant] was found in violation of his IP sentence. On February 18, 2015, [Appellant] was resentenced to [a term of incarceration of not less than eight nor more than twenty-three months] in the Franklin County Jail, to be followed by [twelve] months of probation.
>
> [a] 18 Pa.C.S.A. § 3921(a). This criminal action is docketed under case number 607-2014.
>
> On March 18, 2015, [Appellant] plead[ed] guilty to [a]ccidents [i]nvolving [d]eath or [p]ersonal [i]njury (AIDPI)[b] and [r]ecklessly [e]ndangering [a]nother [p]erson (REAP).[c] The same day, [Appellant] was sentenced to serve [not less than three nor more than twelve months] on the AIDPI charge. The sentence was to run concurrently with [Appellant's] sentence in case number 607-2014. Additionally, [Appellant] was sentenced to [twelve] months of probation on the REAP charge. [Appellant's] probationary period was to run at the expiration of his AIDPI sentence.
>
> [b] 75 Pa.C.S.A. § 3742.

[c] 18 Pa.C.S.A. § 2705. [Appellant's] AIDPI and REAP charges are docketed under case number 328-2015.

On November 5, 2015, [Appellant] was found in violation of the terms of his parole and probation. The same day, [Appellant] was sentenced to serve the balance of his original sentence in case number 607-2014.[d] [Appellant's twelve]-month probationary period in connection with case number 607-2014 was reimposed. With regard to case number 328-2015, [Appellant] was sentenced to serve the balance of his original AIDPI sentence.[e] [Appellant's twelve]-month probationary period on the REAP charge was reimposed.

[d] The remaining balance of [Appellant's] sentence was [ten] months and [six] days.

[e] The remaining balance of [Appellant's] sentence was [seven] months and [one] day.

[The trial c]ourt, by a January 12, 2016 [o]rder, granted [Appellant] parole effective January 22, 2016. On March 22, 2016, [the trial c]ourt found [Appellant] in violation of his terms of supervision. On April 4, 2016, [the trial c]ourt vacated its March 22, 2016 [o]rder upon notice that [Appellant] requested the withdrawal of his violation hearing.

On May 11, 2016, [the trial c]ourt found [Appellant] in violation of his terms of supervision in case number 607-2014, and both counts of case number 328-2015. [The trial c]ourt sentenced [Appellant] to serve the balance of his original sentence on the AIDPI charge.[f] [The trial court] resentenced [Appellant] to [not less than twelve nor more than twenty-four] months in a [s]tate [c]orrectional [i]nstitute (SCI) on the REAP charge and [not less than twelve nor more than thirty-six months] in a SCI on case number 607-2[01]4. [Appellant's] two SCI sentences are to run concurrently.

[f] The remaining balance of [Appellant's] sentence was [three] months and [one] day.

[Appellant] filed a [p]ost-[s]entence [m]otion to [m]odify [s]entence on May 19, 2016. [The trial c]ourt denied the [m]otion on May 23, 2016. [Appellant] timely filed a [n]otice of

- 3 -

[a]ppeal on June 8, 2016. Pursuant to [the trial c]ourt's order, [Appellant's] counsel timely filed a [c]oncise [s]tatement of [errors c]omplained of on [a]ppeal on June 20, 2016. [***See*** Pa.R.A.P. 1925(b). The trial court filed an opinion on August 3, 2016. ***See*** Pa.R.A.P. 1925(a)].

On July 11, 2016, [Appellant's] appeals were consolidated by [o]rder of [this Court]. . . .

(Trial Court Opinion, 8/03/16, at 1-3).

On September 13, 2016, counsel filed a motion to withdraw and ***Anders*** brief in this Court. Appellant has not filed a response.

On appeal, the ***Anders*** brief raises the following questions for our review:

1. Did the trial court abuse its discretion when it sentenced [Appellant] to a sentence of [not less than twelve nor more than twenty-four] months in a [SCI] in case 328-2015?

2. Did the trial court abuse its discretion when it sentenced [Appellant] to a sentence of [not less than twelve nor more than thirty-six] months in a [SCI] in case 607-2014?

(***Anders*** Brief, at 8).

Appellant's counsel has petitioned for permission to withdraw and has submitted an ***Anders*** brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. ***See Anders***, ***supra*** at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

. . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is

frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, she has petitioned this Court to withdraw because "[she] believes this to be a wholly frivolous appeal[.]" (Petition of Appellant's Counsel for Leave to Withdraw, 9/13/16, at unnumbered page 1). In addition, after her review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why she believes the appeal is frivolous. (*See Anders* Brief, at 13-14). Lastly, she has attached, as an exhibit to her motion to withdraw, a copy of the letter sent to Appellant giving him notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Petition of Appellant's Counsel for Leave to Withdraw, 9/13/16, at Exhibit A); *see also Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005). As noted above, Appellant has not

responded. Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will examine the issues set forth in the *Anders* brief. *See Garang*, *supra* at 240-41.

In the *Anders* brief, both of Appellant's issues challenge the discretionary aspects of his sentence.[1] In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), this Court held that "[our] scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Cartrette*, *supra* at 1034. Thus, Appellant's claims are properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary

_____

[1] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. *See McAfee*, *infra* at 275.

to the fundamental norms underlying the sentencing scheme." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, counsel has included a Rule 2119(f) statement in the ***Anders*** brief. (***See Anders*** Brief, at 12). In it, counsel states that Appellant's sentence was legal and that she is unable to "put forth a colorable argument that his sentences were inconsistent with a specific provision of the [s]entencing [c]ode, or contrary to the fundamental norms which underlie the sentencing process . . ." (***Id.***). However, in the body of the argument, counsel states that Appellant believes that his sentence was unreasonable because the trial court sentenced him to a SCI rather than a county jail where he could be placed on work release. (***See Anders*** Brief, at 13).

In the instant matter, Appellant has failed to point to any particular provision of the sentencing code that requires a sentence following multiple violations of both probation and parole to be served in a county jail rather

than a state correctional facility. (**See Anders** Brief, at 13-14). Accordingly, we do not find that Appellant has raised a substantial question. **Cf. Commonwealth v. Hartle**, 894 A.2d 800, 806 (Pa. Super. 2006) (holding that claim that sentencing court abused its discretion by sentencing defendant to serve his sentence in state correctional facility rather than county jail raised substantial question **where defendant was able to point to violation of particular provision of sentencing guidelines**).

Appellant's issues lack merit. Further, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2017